**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| BAYOU HAVEN BED & BREAKFAST, LLC | CASE NO. 18-10570 |
| DEBTOR | SECTION "A" |

**MOTION TO LIFT THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1), OR IN THE ALTERNATIVE, ENFORCE THE PROVISIONS OF 28 U.S.C. §959(b)**

**NOW INTO COURT**, through undersigned counsel, comes Bayou Liberty Association, Inc. ("BLA"), a party in interest herein, which respectfully moves this Court for an order lifting the automatic stay under 11 U.S.C. §362(d)(1), or, alternatively, enforcing the provisions of 28 U.S.C §959(b) against the debtor-in-possession. In support thereof, BLA respectfully states as follows:

**JURISDICTION**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

2.

On February 9, 2018, BLA commenced an action in the 22nd Judicial District Court for the Parish of St. Tammany bearing case number 2018-10682, Division "C" (the "Injunction Petition"), seeking an injunction and preliminary injunction against Bayou Haven Bed & Breakfast, LLC ("Debtor"), Dawn Parks Pekarik and Juraj Pekarik. See attached Exhibit "A".

1

3.

Specifically, BLA seeks to enforce a deed restriction executed on March 6, 2014 (the "Deed Restriction") which prevents the commercial use of the property of the Debtor (the "Bed and Breakfast") from being operated as anything but a bed and breakfast. See attached Exhibit "B". The Deed Restriction was entered into between the Debtor and BLA in furtherance of St. Tammany Parish Ordinance No. 5146 by St. Tammany Parish (the "Zoning Ordinance") which permitted the property on which the Debtor is located to be rezoned to allow the Debtor to operate its bed and breakfast business.

4.

BLA and the Debtor agreed to enter into the Deed Restriction in exchange for BLA not opposing the Zoning Ordinance. The Debtor has been and continues to be in violation of the Deed Restriction and the Zoning Ordinance (collectively, the "Parish Zoning Ordinances") due to Debtor's utilization of the property as a wedding venue, for hosting wedding receptions, hosting jazz brunches and hosting various lunches and other events not related to the traditional or customary operations of a bed and breakfast. In fact, the St. Tammany Parish code enforcement court, an administrative court charged with enforcing the parish zoning ordinances, fined the Debtor for violating the Parish Zoning Ordinances. The administrative judge, Judge Alan Black, verbally advised Debtor to cease and desist all operations in violation of the Zoning Ordinances. The Injunction Petition was commenced to prevent the Debtor from engaging in any activities beyond the scope of the Deed Restriction as well as the Zoning Ordinance and seeks injunctive, **not monetary,** relief[1].

---

[1] Although BLA seeks attorney's fees in connection with the Injunction Petition, it agrees not to pursue those in the state court proceeding if the relief requested herein is granted and reserves its rights to do so at a later time if permitted by this Court.

5.

Shortly after the Injunction Petition was filed, on the morning the preliminary injunction hearing in state court was to commence, March 12, 2018, the Debtor commenced a voluntary proceeding under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Filing") to prevent the entry of a preliminary injunction. The Chapter 11 Filing immediately triggered the provisions of 11 U.S.C §362 imposing an automatic stay against all actions against the Debtor, including the continued litigation of the Injunction Petition.

**RELIEF REQUESTED**

6.

Through this Motion, BLA seeks an order of this Court lifting the automatic stay under 11 U.S.C. §362(d)(1) for cause to allow litigation of the Injunction Petition, including re-setting the preliminary injunction hearing previously set for March 12, 2018, to proceed in state court and/or allow the St. Tammany Parish authorities to enforce the Parish Zoning Ordinances for the following reasons:

- The Injunction Petition seeks only injunctive relief and not monetary damages and will not harm other creditors or the estate; and,

- Federal courts routinely abstain from hearing state law claims dealing with "local law" issues and the Injunction Petition concerns ongoing violations of the Zoning Ordinance and the Deed Restriction – clearly a matter of state or "local" law.

In the alternative, BLA requests that this Court enforce the provisions of 28 U.S.C. §959(b) which mandate the Debtor operate its business according to the valid laws of Louisiana, which necessarily include the Zoning Ordinance. . (RFL note – the deed restriction is not a law).

**LAW AND ARGUMENT**

7.

The automatic stay provided in 11 U.S.C. §362 commences upon the filing of a bankruptcy case and is designed to protect the assets of the debtor for equitable distribution to creditors. *In re Chestnut*, 422 F.3d 298, 301 (5th Cir. 2005); citing *Mcmillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993). The applicable provisions of 11 U.S.C. §362 provide as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

(1) for cause…

11 U.S.C. §362(d)(1).

Although "cause" is not defined, courts have found it to be a far-reaching concept that is intentionally flexible so it can respond to a variety of unique situations. *In re Choice ATM Enters.*, 2015 Bankr. LEXIS 689, *6 (Bankr. N.D. Tex. 2015); citing *Mooney v. Gill,* 310 B.R. 543, 546-7 (N.D. Tex. 2002); see also *In re Mirant Corp.,* 440 F.3d 238 (5th Cir. 2006) ("The Bankruptcy Code does not precisely define "cause" under §362(d)(1), and in the past we have noted that this lack of definition affords "flexibility to the bankruptcy court"); see also *In re Chestnut,* 422 F.3d at 304. Many courts have found "cause" to include the allowance of a matter in another forum to proceed. *In re Patel*, 2010 Bank. LEXIS 2708, *5 (Bankr. S.D. Tex. 2010); see also *In re Choice ATM*, 2015 Bankr. Lexis 689 at *5; see also *In re Consul FGH Liquidating Trust*, 419 B.R. 436 (Bank. D.S. Miss. 2009). In addition, Congress itself has provided some guidance on "cause" to include the continuation of litigation in another forum in its reports. *In re Choice,* 2015 Bankr. LEXIS 689 at *6; citing H.R. Rep. No. 95-595, 343-33 (1977) (cause may constitute "a desire to

permit an action to proceed to completion in another tribunal"); see also *In re Blythe*, 2002 Bankr. LEXIS 1974, *9 (Bankr. N.D. Tex. 2002) (While the "cause" referred to in section 362(d)(1) is not defined in the Bankruptcy Code, the legislative history provides that a need for litigation to proceed in another tribunal may provide cause for relief from the automatic stay.) In the instant case, as will be discussed below, BLA seeks to lift the automatic stay to permit it to continue the litigation of the Injunction Petition in the state court and/or to request that the St. Tammany Parish authorities enforce the Parish Zoning Ordinances and suggests "cause" exists for this Court to permit same.

In determining whether or not sufficient "cause" exists to permit the lifting of the automatic stay, the majority of courts in the Fifth Circuit[2] have considered the following factors enunciated in *In re Curtis*, 40 B.R. 795,799-800 ( Bankr. D. Utah 1984): (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding

---

[2] At least one court in the Fifth Circuit has discussed the application of certain factors set forth in *In re Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) and which include: (1) Whether insurance is available to defend debtor or whether the defense of the suit will impose a financial burden; (2) Whether judicial economy favors the action to proceed in the court in which it commenced; (3) Whether a likelihood exists that resources used to prepare the matter for trial would be wasted due to the stay enjoining the action from proceeding; (4) Whether the issues are solely state law actions or whether a special tribunal should use its expertise to hear the issues; (5) Whether the litigation involves other parties in which the Bankruptcy Court lacks jurisdiction and whether full relief may be accorded to all non-debtor parties without debtor's presence; (6) Whether the creditor has a probability of success on the merits; and, (7) Whether the Bankruptcy Court should first address the threshold bankruptcy-law issues. *In re Choice*, 2015 Bankr. LEXIS 689 at *11. The majority of courts, however, have utilized the *Curtis* factors.

would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and, (12) impact of the stay on the parties and balance of harms. *In re Curtis,* 40 B.R. at 803-6; see also *In re Petal*, 2010 Bankr. Lexis 2708 at *6; see also *In re Consul*, 419 B.R. at 647-8; see also *In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); see also *In re Ingle*, 259 B.R. 856 (Bankr. E.D. Tex. 2001). It should be noted that not all factors will be relevant in every case. *In re Consul*, 419 B.R. at 648.

Application of the *Curtis* factors to the facts of the instant case overwhelmingly demonstrates the existence of cause to lift the automatic stay and allow BLA to proceed against the Debtor in state court to litigate the allegations in the Injunction Petition and/or to request that the St. Tammany Parish authorities enforce the Parish Zoning Ordinances. Application of the first factor to the instant matter supports the conclusion that the requested relief would completely resolve the issue in the Injunction Petition – whether or not the Debtor is in violation of the Parish Zoning Ordinances. This resolution will have no effect on the bankruptcy estate and other creditors as it seeks only to prevent the Debtor from operating its business illegally in violation of the Parish Zoning Ordinances which only permit it to operate *legally* as a bed and breakfast. Although the initial petition sought attorney fees, BLA will agree not to seek attorney fees or other monetary damages in connection with the Injunction Petition at this time, but rather will reserve its right to do so if permitted to do so by this Court. Thus, there should be no effect on any other creditors of the estate. Similar relief has been granted when a creditor seeks to liquidate but not collect on claims sought after adjudication in state court. *In re Patel*, 2010 Bankr. LEXIS 2708 at *5.

Application of the second factor to the instant matter - the lack of any connection with or interference with the bankruptcy case – is somewhat outcome dependent. If the Debtor is operating

its business as permitted under the Parish Zoning Ordinances, then granting relief from the automatic stay will have no effect whatsoever on the bankruptcy case. However, if, as alleged by BLA, the Debtor is operating its business in violation of state law (and contrary to the requirements of 28 U.S.C. §959(b)), such that BLA is found to be entitled to injunctive relief, then any illegal operations by the Debtor will need to cease and the cessation could affect overall revenues available to the Debtor. However, in order to obtain injunctive relief, BLA will need to demonstrate that the current operations are in fact illegal and, if it so demonstrates, this Court should not permit such operations to continue in any event.

The third factor is not applicable as the Injunction Petition does not involve the Debtor as a fiduciary. With respect to the fourth factor to the instant matter, although a *specialized tribunal* has not been established to hear the Injunction Petition, the state court is the proper tribunal to hear the matter as it only involves issues of *local* law and real estate. St. Tammany Parish does operate an administrative court for purposes of enforcing violations of Parish ordinances, including zoning ordinances. BLA is seeking relief that would allow St. Tammany Parish to enforce its ordinances.

With respect to the fifth factor of *Curtis,* BLA in good faith does not believe or have knowledge that the Debtor's insurer has been defending the state court action. No insurance company, or its counsel, have made an appearance in the state court proceeding.

The sixth factor does not apply as the Injunction Petition does not involve goods or proceeds.

Application of the seventh factor weighs in favor of BLA as well as litigation in state court would not prejudice any other creditors or parties in interest as the relief sought is injunctive – not monetary.

7

Application of the eighth factor is also in favor of BLA, as any judgment obtained would not be subject to equitable subordination, and, as questioned by the ninth factor, any judgment obtained would not result in a judicial lien avoidable under 11 U.S.C. §522(f). Again, these factors also weigh in favor of BLA and lifting the automatic stay.

Application of the tenth factor in the instant matter evidences a more economical determination as the proceedings would be less costly in state court as the parties would not have to travel far and there would be less involvement from other counsel and parties than if the matter was to be heard and adjudicated by the Bankruptcy Court. In fact, the parties were prepared for the preliminary injunction trial in state court on the morning that this bankruptcy proceeding was filed. The majority of the work preparing for that hearing has been done as the parties appeared before the state court judge on the morning of this filing to advise him of the automatic stay. BLA does not expect trial preparation to take an unusually long amount of time as the preliminary injunction hearing, which it already prepared for, will encompass the same issues as the trial of this matter.

Finally, BLA alleges that the harm to BLA and the public at large caused by the Debtor operating its business illegally, including the noise pollution, additional traffic and disruption to the daily lives of residents in the area, outweighs any harm to the estate or the Debtor by granting relief from the automatic stay.

It is well settled that matters concerning title and possession of real estate should be decided in a state court in the interests of comity and respect for state law if no federal question is presented. *In re Garland & Lachance Constr. Co.*, 1991 Bankr. LEXIS 2123 (Bankr. D. N.H. 1991) (discretionary abstention is appropriate in the interest of comity with state courts and respect for state law…the legal issues involved in this case arise primarily under zoning and planning

laws…).; see also *Lucas v. Hope*, 515 F.2d 234, 236 (5th Cir. 1975). State courts have a strong interest in determining issues that concern real estate in its jurisdiction. *In re Schempp Real Estate, LLC*, 303 B.R. 866, 879 (Bankr. D. Col. 2003). This case necessarily involves issues of real estate as it concerns the Parish Zoning Ordinances. Thus, although this Court has jurisdiction to resolve the matters in the Injunction Petition pursuant to 28 U.S.C. §157, the interests of comity and respect for state law should dissuade this Court from doing so. *Briese v. Conoco-Phillips Co.*, 2009 U.S. Dist. LEXIS 11772, *17 (W.D. La. 2009) (federal courts may abstain from hearing state law claims in the interest of justice, or in the interest of comity with state courts or respect for state law if that proceeding…is related to a case under title 11). Those same principles support the idea that the automatic stay should be lifted insofar as to permit the state court to hear and adjudicate the issues in the Injunction Petition and/or permit the St. Tammany Parish authorities to enforce the Parish Zoning Ordinances.

8.

Alternatively, should this Court decide not to lift the automatic stay then it should enforce the provisions of 28 U.S.C §959(b) which states in relevant part:

> "a trustee, receiver or manager appointed in any case pending in any court of the United States, *including a debtor in possession*, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof". 28 U.S.C. §959(b) (emphasis added).

Here, Parish Zoning Ordinances specifically limit the commercial use of the Bed and Breakfast from being operated as anything but a bed and breakfast yet the Debtor is in fact operating the business in a manner which violates local law by holding wedding receptions, parties and other events not contemplated by the concept of a bed and breakfast

9

or its traditional and customary functions. The prohibition on the commercial use of the Bed and Breakfast applies to all owners of that parcel of land and is tied to that land on which the Bed and Breakfast currently resides. The Debtor must comply with the Parish Zoning Ordinances (as any other non-debtor would have to do) to not run afoul of 28 U.S.C §959(b). Courts have interpreted 28 U.S.C §959(b) to require a chapter 7 trustee to comply with the same zoning requirements that would apply to any other owner of property and to require a debtor in possession to manage environmental concerns subject to the state environmental protection agency. *In re Chaffee Aggregates, Inc.*, 300 B.R. 17 172 (Bankr. W.D. N.Y. 2003); see also (*In re Laurinburg Oil Co.*, 49 B.R. 652 (1984, BC MD N.C.); see also *In re Wall Tube & Metal Products Co.*, 831 F.2d. 118 (1987, CA6 Tenn.) (A Chapter 7 liquidating trustee is required to comply with state hazardous waste statutes in managing an estate of a bankrupt violator of such statutes.) Here, the debtor in possession should similarly be required to comply with the Parish Zoning Ordinances and operate the Bed and Breakfast as required under state law.

## **CONCLUSION**

9.

In conclusion, BLA respectfully requests this Court lift the automatic stay provided in 11 U.S.C. §362 and permit the Injunction Petition, including the preliminary injunction hearing previously set for hearing, to proceed in St. Tammany Parish as sufficient cause exists to permit the adjudication of the Injunction Petition and/or to allow St. Tammany Parish authorities to enforce the Parish Zoning Ordinances. Alternatively, if this Court does not permit the automatic stay to be lifted, BLA respectfully requests this Court enter an order mandating the Debtor comply with the provisions of 28 U.S.C. §959(b).

Respectfully submitted,

**THE STEFFES FIRM, LLC**

/s/ Noel Steffes Melancon
Noel Steffes Melancon (#30072)
William E. Steffes (#12426)
13702 Coursey Blvd., Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: nmelancon@steffeslaw.com

*Attorneys for Bayou Liberty Association, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| BAYOU HAVEN BED & BREAKFAST, LLC | CASE NO. 18-10570 |
| DEBTOR | SECTION "A" |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *Motion to Lift the Automatic Stay under 11 U.S.C. §362(d)(1), or in the Alternative, Enforce the Provisions of 28 U.S.C. §959(b)* has been served upon the Debtor, the Debtor's counsel, the Office of the US Trustee, and all parties requesting notice, by depositing a copy of same in the U.S. Mail, postage prepaid and properly addressed, as shown below

| | | |
|---|---|---|
| Bayou Haven Bed & Breakfast, LLC<br>34205 Hwy 433<br>Slidell, LA 70460 | Robin R. DeLeo<br>The De Leo Law Firm, LLC<br>800 Ramon Street<br>Mandeville, LA 70448 | Wayne M. Aufrecht<br>Wayne M. Aufrecht, LLC<br>417 W. 21st Avenue<br>Covington, LA 70433 |
| Amanda Burnette George<br>Office of the U.S. Trustee<br>400 Poydras Street, Suite 2110<br>New Orleans, LA 70130 | Stephen D. Wheelis<br>Wheelis & Rozanski<br>PO Box 13199<br>Alexandria, LA 71315 | American Crescent Elevator<br>310 Stephens St.<br>Picayune, MS 39466 |
| Cleco<br>PO Box 660228<br>Dallas, TX 75266 | Dana Johnson<br>42379 Greens View Drive<br>Gonzales, LA 70737 | Floorworks & Blinds<br>1860 Short Cut Road<br>Slidell, LA 70458 |
| Iberia Bank Commercial<br>PO Box 23078<br>Columbus, GA 31902-3078 | Lloyd Dennis<br>26 Inlet Cove Loop<br>Slidell, LA 70458 | |

Baton Rouge, Louisiana, this 9th day of April, 2018.

/s/ Samantha J. Chassaing
Samantha J. Chassaing