22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

CIVIL DOCKET NO. 2018 - 10682                DIVISION " C "

BAYOU LIBERTY ASSOCIATION, INC.

V.

DAWN PARKS PEKARIK; JURAJ PEKARIK AND
BAYOU HAVEN BED & BREAKFAST, L.L.C.

DEPUTY CLERK:_____            FILED:_____

---

**PETITION FOR INJUNCTION AND
PRELIMINAY INJUNCTION**

---

Plaintiff, **Bayou Liberty Association, Inc.** ("BLA"), a non-profit corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Louisiana, submits this Petition for Injunction and Preliminary Injunction, alleging as follows:

1.

Made defendants herein are:

A) **Dawn Parks Pekarik**, a person of the full age of majority and resident of St. Tammany Parish, Louisiana ("Dawn"); who at all material times is the owner and/or operator of a commercial bed and breakfast known as **Bayou Haven Bed & Breakfast, L.L.C.** in St. Tammany Parish, Louisiana;

B) **Juraj Pekarik**, a person of the full age of majority and resident of St. Tammany Parish, Louisiana ("Juraj"); and

C) **Bayou Haven Bed & Breakfast, L.L.C.** ("Bayou Haven") a Louisiana limited liability company domiciled at 34205 Highway 433, Slidell, LA 70460; which at all material times is a commercial bed and breakfast operating in St. Tammany Parish, Louisiana.

Dawn, Juraj and Bayou Haven shall hereinafter be referred to collectively as the "Defendants."

2.

Page 1

EXHIBIT "A"

Dawn and Juraj acquired the following described property via cash sale dated October 23, 2013 passed before Notary Public Eddie M. Encalarde, Jr. and recorded at instrument no. 1921160 in the land records of St. Tammany Parish, Louisiana.

> ALL THAT CERTAIN PARCEL OR TRACT OF LAND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in LOTS #19, #20, AND #21 of a subdivision of Section 38, Township 9 South, Range 14 East, St. Tammany Parish, Louisiana, drawn by C. Pilie, City Engineer of New Orleans, Louisiana, in 1867, more fully described as follows, to-wit:
>
> From the intersection of the easterly line of said LOT #21 of said subdivision with the northerly right-of-way of Bayou Liberty Road, go South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 120 feet to the Point of Beginning, which is the southeast corner of said property; thence continue South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 454.3 feet; thence go North 12 degrees West 75 feet; thence go North 21 degrees West 138 feet; thence go North 16 degrees 05 minutes East 158 feet; thence go North 1 degree 30 minutes East 73 feet; thence go North 25 degrees 30 minutes West 340 feet to the right ascending bank of Bayou Liberty; thence following the right ascending bank of Bayou Liberty, go North 32 degrees 58 minutes East 145.62 feet to the easterly line of said LOT #21; thence go South 40 degrees East, along the easterly line of said LOT #21, 767 feet; thence go South 66 degrees West 58.6 feet; thence go South 27 degrees 40 minutes East 208 feet to the Point of Beginning.

*See*, Exhibit 1. The above parcel of land shall hereinafter be referred to as the "Parcel."

3.

The Parcel is located on the historic Bayou Liberty near Slidell, Louisiana. It is located on the North side of Bayou Liberty Road, West of Galatas Lane, East of Faciane Road and bears the municipal address 30425 Bayou Liberty, Slidell, Louisiana 70460.

4.

In the fall of 2013, near the time of their acquisition of the Parcel, Dawn and Juraj approached members of the BLA requesting permission/approval to construct a bed and breakfast facility ("B&B") on the Parcel.

5.

At that time, according to the St. Tammany Parish zoning ordinances, the Parcel was zoned A-2 (Suburban District) which precluded its use as a commercial B&B. In order to operate a B&B the Parcel required re-zoning.

6.

The BLA, concerned with the preservation of historic Bayou Liberty and the neighborhood properties that surround the bayou, voiced opposition to the commercial development of the Parcel. The BLA was concerned with additional traffic, noise pollution and the development of commercial activities adversely affecting residents living along Bayou Liberty.

7.

On February 6, 2014, St. Tammany Parish Ordinance Council Series No. 14-3101 was introduced. This ordinance, which was ultimately adopted become St. Tammany Parish Ordinance Calendar No. 5146 (the "Ordinance"). The purpose of the Ordinance was to amend the A-2 (Suburban District) zoning designation on the Parcel to an A-2 (Suburban District) and RO (Rural Overlay) which would permit a B&B to operate.

8.

In exchange for withdrawal of any opposition to the Ordinance by BLA, Dawn and Juraj executed a deed restriction/predial servitude (the "Deed Restriction") on March 6, 2014 in favor of the BLA. The Deed Restriction restricted the commercial use of the Parcel solely to a B&B. The Deed Restriction was recorded in the land records of St. Tammany Parish at Instrument No. 1933897. *See*, Exhibit 2.

9.

Section 2.1(A)(ii)(2) of the Deed Restriction provides that the permitted commercial use of the Parcel shall be limited to a Bed & Breakfast. *See*, Exhibit 2.

10.

Section 1.3 of the Deed Restriction provides:

The purpose of this instrument is to impose Deed Restrictions on Subject Property as hereafter set forth in order to provide protection to the nearby land owners along Bayou Liberty Road in light of the additional zoning of Subject Property to include RO-Rural Overlay by the St. Tammany Parish Council by Ordinance No. 5146 adopted on March 6, 2014. *See*, Exhibit 2.

11.

Section 3.1 of the Deed Restriction provides:

The Deed Restrictions contained in Section 2.1 shall be considered a predial servitude, building restriction, and covenant running with the land, binding the land even if owned by the successors and/or assigns of Owner, and shall run in favor of Bayou Liberty.

12.

Section 3.3 of the Deed Restriction provides:

The Deed Restrictions contained herein shall also be enforceable at law or in equity by way of injunction, civil suit for damages, or any other remedy deemed necessary by Bayou Liberty.

13.

The Deed Restriction was drafted with the intent and purpose of limiting the commercial use of the Parcel to a B&B.

14.

The Ordinance was adopted by the St. Tammany Parish Council on March 6, 2014.

15.

Dawn and Juraj thereafter constructed an 11,125 square foot structure on the Parcel to operate as a B&B.

16.

On August 5, 2016, after construction of the facility, Dawn incorporated **Bayou Haven Bed & Breakfast, L.L.C.** ("Bayou Haven") with the Louisiana Secretary of State. Bayou Haven is the entity that operates the B&B located at 34205 Highway 433 (Bayou Liberty Road), Slidell, LA 70460 (on the Parcel). This Parcel is the same property identified in the Deed Restriction as 34161 Hwy. 433 (Bayou Liberty Road), Slidell, Louisiana 70462. Upon information and belief Dawn and Juraj own and control the limited liability company incorporated as Bayou Haven.

17.

Bayou Haven, Dawn and Juraj operate Bayou Haven in violation of the Deed Restriction. Specifically, Defendants host weddings, wedding receptions, jazz brunches, fundraising events, meetings and luncheons – all in derogation of the Deed Restriction.

18.

The purpose of the Deed Restriction was to limit the commercial use of the Parcel. Defendants knowingly violated the Deed Restriction and have continued to operate Bayou Haven in capacities that violate the Deed Restriction and the permitted parish zoning for the Parcel.

19.

St. Tammany Parish Code Enforcement issued two (2) notices of violation to Dawn and Juraj as a result of their operation of Bayou Haven in violation of the parish zoning ordinances.

Those notices of violation came before the St. Tammany Bureau of Administrative Adjudication on January 10, 2018 under Case No. 2017-CE-14812. *See*, Exhibit 3.

20.

At the conclusion of the Administrative Hearing, after having received all evidence, the hearing officer found Dawn and Juraj in violation of the St. Tammany Parish zoning ordinances and issued a fine of $100.00 per violation. The administrative hearing officer also advised Dawn and Juraj to cease and desist all non-permitted uses of the Parcel.

21.

Pursuant to the Deed Restriction, BLA is entitled to temporary relief in the form of a preliminary injunction and permanent relief in the form of a permanent injunction. Bayou Haven, Dawn and/or Juraj are operating the B&B in violation of the Deed Restriction and the St. Tammany Parish zoning ordinances.

22.

BLA requests that the Court dispense with any bond or other security as the Defendants are violating a recorded Deed Restriction to which they are a signatory and which contemplates injunctive relief as a remedy for violation thereof. Alternatively, any bond or security set by this Court should be only for a nominal amount.

23.

BLA is entitled to recover its attorney's fees as civil damages pursuant to the Deed Restriction.

**WHEREFORE**, Bayou Liberty Association, Inc. prays that Dawn Parks Pekarik, Juraj Pekarik and Bayou Haven Bed & Breakfast, L.L.C. be served with a copy of this Petition for Injunction and Preliminary Injunction, and that after due proceedings are had, this Court award the following relief:

1) A preliminary injunction be issued against Dawn Parks Pekarik, Juraj Pekarik and Bayou Haven Bed & Breakfast, L.L.C. prohibiting any use of the bed and breakfast facility and/or the Parcel in violation of the Deed Restriction, including, but not limited to, use of the facility and Parcel as an event center for hosting weddings, wedding receptions, bridal parties, luncheons, cocktail parties, gatherings, concerts, music-laced brunches, fundraising events or from serving lunch or dinner; and

2) A permanent injunction be issued against Dawn Parks Pekarik, Juraj Pekarik and Bayou Haven Bed & Breakfast, L.L.C. prohibiting any use of the bed and breakfast facility and/or the Parcel in violation of the Deed Restriction, including, but not limited to, use of the facility and Parcel as an event center for hosting weddings, wedding receptions, bridal parties, luncheons, cocktail parties, gatherings, concerts, music-laced brunches, fundraising events or from serving lunch or dinner;

3) A judgment awarding BLA its attorney's fees, costs and expenses;

4) Any other further relief that the Court deems just and appropriate.

Respectfully Submitted,

**ROSS F. LAGARDE, APLC**

**ROSS F. LAGARDE (#27542)**
**JEFFREY G. LAGARDE (#31823)**
2250 Gause Blvd. East, Suite 301
Slidell, Louisiana 70461
Telephone: (985) 605-0527
Facsimile: (985) 605-0526
Email: ross@rlagardelaw.com
jeff@rlagardelaw.com

**PLEASE SERVE:**
Dawn Parks Perkarik
34025 Highway 433
Slidell, Louisiana 70460

Juraj Perkarik
34025 Highway 433
Slidell, Louisiana 70460

Bayou Haven Bed & Breakfast, LLC
Through its agent for service of process:
Dawn Parks Perkarik
34025 Highway 433
Slidell, Louisiana 70460

Page 6

**22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

CIVIL DOCKET NO. _____          DIVISION "___"

**BAYOU LIBERTY ASSOCIATION, INC.**

V.

**DAWN PARKS PEKARIK; JURAJ PEKARIK AND
BAYOU HAVEN BED & BREAKFAST, L.L.C.**

**DEPUTY CLERK:** _____     **FILED:** _____

<u>**RULE TO SHOW CAUSE ON PRELIMINARY INJUNCTION**</u>

Upon considering the foregoing Petition for Preliminary Injunction and pursuant to La. Civ. Code art. 3602:

**IT IS ORDERED** that Dawn Parks Pekarik, Juraj Pekarik and Bayou Haven Bed & Breakfast, L.L.C. show cause on the ___ day of _____, 2018, at _____ in the St. Tammany Parish Courthouse, Covington, Louisiana, why a preliminary injunction should not be issued and directed to Dawn Parks Pekarik, Juraj Pekarik and Bayou Haven Bed & Breakfast, L.L.C. restraining, enjoining and prohibiting the use of the structure and land located at 34205 Highway 433 (Bayou Liberty Road), Slidell, LA 70460 in violation of the deed restriction recorded at Instrument No. 1933897 in the land records of St. Tammany Parish; specifically, prohibiting the use of the facility and land for any purpose other than a bed and breakfast facility as that term is used in the St. Tammany Parish Code of Ordinances or otherwise defined by law.

Covington, Louisiana this ____ day of _____, 2018.

_____
**DISTRICT COURT JUDGE**

<u>**PLEASE SERVE:**</u>

Dawn Parks Perkarik
34025 Highway 433
Slidell, Louisiana 70460

Juraj Perkarik
34025 Highway 433
Slidell, Louisiana 70460

Bayou Haven Bed & Breakfast, LLC
Through its agent for service of process:
Dawn Parks Perkarik
34025 Highway 433
Slidell, Louisiana 70460

Filed by: Camellia Title, LLC
2055 E. Gause Blvd., Ste 300, Slidell, LA 70461
Telephone: (985) 726-0131

## Cash Sale Of Property
### by Felix Samuel Francis, Jr., and Ronald Charles Francis to
### Dawn Parks Pekarik and Juraj Pekarik

**Be It Known**, that on this 23rd day of October, 2013, before me, Eddie M. Encalarde, Jr., an Attorney/Notary Public duly commissioned, qualified and sworn in and for the Parish of St. Tammany, State of Louisiana, and qualified statewide, in the presence of the undersigned witnesses, personally came and appeared:

**Felix Samuel Francis, Jr.**, a competent person of the full age of majority, domiciled and residing in the County of Pearl River, State of Mississippi, who, after being duly sworn, declared that he has been married twice, first to Barbara Murphy from whom he is divorced, second to Carol Walther with whom he is currently living and residing; that the property transferred herein is his separate property; that his social security number is ###-##-7268; and that his mailing address is 153 N. Hill Drive, Carriere, MS 39426; **and,**

**Ronald Charles Francis**, a competent person of the full age of majority, domiciled and residing in the County of Pearl River, State of Mississippi, who, after being duly sworn, declared that he has been married but once and then to Joyce Ann Goubler with whom he is currently living and residing; that the property transferred herein is his separate property; that his social security number is ###-##-9093; and that his mailing address is 7739 Manini Way, Diamondhead, MS 39525.

Which said appearers, hereinafter sometimes referred to simply as "Sellers", declared that Sellers do by these presents grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver, with all legal warranties and with full substitution and subrogation in and to all the rights and actions of warranty which Sellers have or may have against all preceding owners and vendors, unto:

**Dawn Parks Pekarik**, a competent person of the full age of majority, domiciled and residing in the Parish of St. Tammany, State of Louisiana, who, after being duly sworn, declared that she has been married but three times, first to Keith Baker, from whom she is divorced, second to Sidney Dufresne, from whom she is divorced, and third to Juraj Pekarik with whom she is currently living and residing; that she is acquiring the property described herein as her separate property pursuant to Marriage Contract registered under conveyance office instrument no. 1173097, St. Tammany Parish, Louisiana; that her social security number are ###-##-6864; and that her mailing address is 113 West Port Court, Slidell, Louisiana 70460; and,

**Juraj Pekarik**, a competent person of the full age of majority, domiciled and residing in the Parish of St. Tammany, State of Louisiana, who, after being duly sworn, declared that he has been married but twice, first to Katarina Znamenakova from whom he is divorced, and second to Dawn Parks Pekarik with whom he is currently living and residing; that he is acquiring the property described herein as his separate property pursuant to Marriage Contract registered under conveyance office instrument no. 1173097, St. Tammany Parish, Louisiana; that his social security number is ###-##-7756; and that his mailing address is 113 West Port Court, Slidell, Louisiana 70460.



Page 1 of 4

St. Tammany Parish 2099
Instrmnt #: 1921160
Registry #: 2268424 cst
10/25/2013 8:30:00 AM
MB    CB X MI    UCC

~~Hereinafter sometimes referred to simply as "Purchasers", here present accepting, and~~ purchasing for Purchasers, Purchasers' heirs and assigns, and acknowledging due delivery and possession thereof, all and singular the following described property, to-wit:

**All That Certain Parcel or Tract of Land**, together with all the improvements thereon and rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging, lying and being situated in **LOTS #19, #20 AND #21** of a subdivision of Section 38, Township 9 South, Range 14 East, St. Tammany Parish, Louisiana, drawn by C. Pilie, City Engineer of New Orleans, Louisiana, in 1867, more fully described as follows, to-wit:

From the intersection of the easterly line of said LOT #21 of said subdivision with the northerly right-of-way line of Bayou Liberty Road go South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 120 feet to the point of beginning, which is the southeast corner of said property; thence continue South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 454.3 feet; thence go North 12 degrees West 75 feet; thence go North 21 degrees West 138 feet; thence go north 16 degrees 05 minutes East 158 feet; thence go North 1 degree 30 minutes East 73 feet; thence go North 25 degrees 30 minutes West 340 feet to the right ascending bank of Bayou Liberty; thence, following the right ascending bank of Bayou Liberty, go North 32 degrees 58 minutes East 145.62 feet to the easterly line of said LOT #21; thence go South 40 degrees East, along the easterly line of said LOT #21, 767 feet; thence go South 66 degrees West 58.6 feet; thence go South 27 degrees 40 minutes East 208 feet to the point of beginning.

All in accordance with a plat of survey #4833 by J. V. Burkes, C.E., dated October 12, 1965.

Being the same property acquired by Ronald Charles Francis and Felix Samuel Francis, Jr., by Judgment of Possession in the "Succession of Clara Marie Dornhofer Francis", No. 2007-31178, Div. "E" dated February 8, 2008 registered on February 8, 2008 under Conveyance Office Instrument No. 1667329 of the official records of St. Tammany Parish, Louisiana.

Improvements thereon bear the Municipal No. **30425 Bayou Liberty, Slidell, Louisiana 70460.**

*******************

To the extent that any of the following may be applicable, this act is made, executed and accepted subject to the following, without the intention of interrupting, suspending or reviving any prescription or peremption thereof or to recognize the validity thereof.
a) Servitudes, restrictions, easements, encroachments, right of ways, fence misalignment, and/or building setback lines, if any as shown on a current survey of the property or as shown on plan of subdivision filed for record with the Clerk of Court for St. Tammany Parish, Louisiana, but omitting any covenants or restrictions, if any, based upon race, color, religion, sex, sexual orientation, familial status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law.

*******************

To have and to hold the above described property unto the said Purchasers, Purchasers' heirs and assigns forever.

This sale is made and accepted for and in consideration of the price and sum of Two **Hundred Ten Thousand And No/100 ($210,000.00) Dollars**, cash, which the said Purchasers have well and truly paid, in ready and current money of the United States Of America, to the said Sellers, who hereby acknowledges the receipt thereof and grants full acquittance and discharge therefore.

### "As Is" Clause
**Purchasers' Initials:** DP   JP

Purchasers acknowledge that Purchasers or Purchasers' agents or representatives have made a diligent inspection of the property sold herein and are fully satisfied with the property and the physical condition of the premises in all respects, including but not limited to any visible or hidden termite infestation and the resultant damage therefrom. Purchasers and Sellers hereby stipulate and agree that the sale of the property described herein is made "As Is", in the property's present condition, and without representation whatsoever as to kind, quality and condition, and without recourse and without warranty as to kind, quality and condition. Purchasers and Sellers hereby further stipulate and agree that the sale of the property described herein is made with no representations or warranties whatsoever, either expressed or implied, of whatever nature or kind, (except warranty of title), including without limitation, warranty as to zoning, occupancy and permitted usage of the property, condition of the property and structures and improvements, the property's freedom from vices or defects, the property's freedom from infestation by wood destroying insects and harmful pollutants or noxious substances (including asbestos and toxic mold), and the square footage of the dwelling and/or fitness of the property and its improvements for any particular use or purpose. The parties agree that the only warranty of Sellers is a warranty of title. Without limiting the generality of the foregoing, Purchasers specifically waive the implied warranty provided for by Louisiana law, including all warranties against vices or defects, latent, hidden or apparent, or fitness for any particular use or purpose. Purchasers additionally waive any present or future right, claim or cause of action in the nature of redhibition, quanti minoris, concealment, and/or those based on any other theory of law or equity. It is specifically stipulated and agreed that Purchasers assume the risk of all defects, including latent defects not discoverable upon simple inspection, and those which, if known, would deter Purchasers from making the purchase at all or paying the price paid. Purchasers do further relieve and release Sellers and all previous owners of the property from any and all claims for any vices or defects in said property, whether latent or apparent, known or unknown, and particularly for any claim or cause of action for warranty against hidden defects or redhibitory defects pursuant to Louisiana Civil Code Article 2475, redhibition pursuant to Louisiana Civil Code Articles 2520, et seq., or for diminution of purchase price pursuant to Louisiana Civil Code Articles 2541, et seq. These express waivers, releases and assumptions of risk are declared by Purchasers and Sellers to be a material and integral consideration of this act of transfer and sale. Purchasers acknowledge that this provision has been called to Purchasers' attention and explained to Purchasers. Purchasers acknowledge that Purchaser understand that Louisiana redhibition law enables Purchasers to hold Sellers responsible for any apparent or hidden defects in the property existing on the act of sale date, and that Purchasers hereby waive said rights.

**Purchasers' Initials:** DP   JP

All State and St. Tammany Parish and taxes up to and including the taxes due and exigible in the year 2012 are paid as per statement of the Sellers. The 2013 St. Tammany Parish taxes have been prorated based upon the Assessor's estimate of 2013 taxes and the parties hereto acknowledge the sufficiency thereof and hereby release and relieve Encalarde Law Firm, LLC, Camellia Title, LLC, and the undersigned Notary Public from any and all liability regarding the calculation and collection thereof. The 2013 taxes will be paid by the Purchasers.

Purchasers declared that pursuant to the provisions of Louisiana Revised Statute 9§2721, they do hereby designate Dawn Parks Pekarik and Juraj Pekarik, as the persons responsible for all property taxes and assessments and all notices pertaining thereto should be addressed and mailed as follows: Mrs. Dawn Parks Pekarik and Mr. Juraj Pekarik, 113 West Port Court, Slidell, Louisiana 70460.

Sellers declare that Sellers have not heretofore alienated the property and it is subject only to the following encumbrances: **None**

Sellers hereby agree to defend, hold harmless and indemnify Purchasers from all costs and damages (including attorney's fees) which Purchasers may incur in connection with any mortgages, liens, or encumbrances bearing against the property in contravention to this declaration and warranty.

The parties hereto waive the production and attachment of any and all research certificates required by law or customarily obtained, including without limitation, conveyance, mortgage, paving ordinance, street paving, local improvement certificates or researches and tax research certificates, and the parties hereto do hereby relieve and release, and agree to indemnify and hold harmless, Encalarde Law Firm, L.L.C., Camellia Title, L.L.C., its members and employees, and the

undersigned Notary Public from any penalty and all liability and responsibility that may result from their non-production and this waiver.

The parties hereto further acknowledge and are aware that a current survey of the property conveyed herein has not been requested by the parties and none has been procured in connection with this transaction and the parties hereto relieve and release Encalarde Law Firm, L.L.C., Camellia Title, L.L.C., its members and employees, and the undersigned Notary Public from any responsibility in connection therewith, including without limitation boundary disputes, encroachments, fence misalignments, easements, discrepancies in dimensions, rights of parties in possession and other matters which might be revealed by a current survey.

The parties hereto acknowledge that they are aware that regarding the property transferred herein: (a) no title opinion; (b) no flood elevation; (c) no survey; (d) no environmental site assessment or tests for any harmful pollutant or noxious substances (including asbestos and toxic mold); (e) no wood destroying insect report or termite certificate; and (f) no study, evaluation or opinion of any kind whatsoever regarding the improvements, buildings or structures situated upon the property, for structural integrity, habitability or usability; have been requested by the parties and none has been performed or procured by the undersigned Notary Public, and the parties hereto relieve and release Encalarde Law Firm, L.L.C., Camellia Title, L.L.C., its members and employees, and the undersigned Notary Public, from all liability and responsibility in connection therewith.

Sellers declare, represent, and warrant: (1) that no sale or other grant of interest in the property conveyed herein has been, or will be made by Sellers, (2) that said property is subject only to the aforementioned encumbrances and will not become subject to any encumbrance or lien by act of omission of Sellers, or claim against Sellers, except as herein noted or excepted, (3) that there are no paving liens or ordinances recorded against the property, and (4) that all taxes due and exigible on the property up to and including the taxes due and exigible in the year 2012 are paid.

The covenants herein contained shall bind, and the benefits and advantages herein shall enure to the respective heirs, executors, administrators, successors and assigns of all parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

**Thus Done And Passed**, in multiple originals, at Slidell, St. Tammany Parish, Louisiana, after due reading of the whole.

Witnesses:

Print: Dana Rester

Print: Ken Levy

Felix Samuel Francis, Jr., Seller

Ronald Charles Francis, Seller

Dawn Parks Pekarik, Purchaser

Juraj Pekarik, Purchaser

Eddie M. Encalarde, Jr., Notary Public
Louisiana Bar Roll No. 28571

Title Insurance Producer:
Camellia Title, LLC, License #326504
2055 Gause Blvd. E., Ste 300, Slidell, LA 70461
Title Insurance Underwriter:
Fidelity National Title Insurance Company
Title Opinion by Eddie M. Encalarde, Jr., Bar Roll #28571

Page 4 of 4

| | |
|---|---|
| DEED RESTRICTIONS | UNITED STATES OF AMERICA |
| IMPOSED BY: | STATE OF LOUISIANA |
| DAWN PARKS PEKARIK and JURAJ PEKARIK | PARISH OF ST. TAMMANY |

ARTICLE I
INTRODUCTION

Section 1.1. **Party, Date.** BE IT KNOWN, That on this 6th day of March, 2014, before me, a Notary Public, duly commissioned and sworn, in and for the Parish of St. Tammany, Louisiana, therein residing, and in the presence of the witnesses named and undersigned,

PERSONALLY CAME AND APPEARED:

DAWN PARKS PEKARIK and JURAJ PEKARIK, both persons of the full age of majority, domiciled in St. Tammany Parish, Louisiana;

their mailing address being: 113 West Port Court
Slidell, LA 70460

(hereinafter collectively referred to as "Owner")

who declared that it owns certain property located at 34161 Hwy. 433 (Bayou Liberty Road) in Slidell, Louisiana, 70462, which is currently zoned A-2 Single Family Residential. Owner desires to construct and operate a Bed & Breakfast Facility ("B&B") on Subject Property and seeks RO-Rural Overlay Zoning so that it may procure an Administrative Permit to allow for the B&B. Because the Bayou Liberty Association, Inc. ("Bayou Liberty") would object and oppose the change of zoning adding the RO-Overlay Zoning unless the future use is strictly limited to residential, including a Bed & Breakfast Facility, Owner hereby imposes the following Deed Restrictions so as to encumber the Subject Property pursuant to the terms and conditions hereof, to-wit:

Section 1.2. **Property Descriptions:**

A. The Owner owns the following described property ("Subject Property"), to-wit:

ALL THAT CERTAIN PARCEL OR TRACT OF LAND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in LOTS #19, #20, AND #21 of a subdivision of Section 38, Township 9 South, Range 14 East, St. Tammany Parish, Louisiana, drawn by C. Pilie, City Engineer of New Orleans, Louisiana, in 1867, more fully described as follows, to-wit:

From the intersection of the easterly line of said LOT #21 of said subdivision with the northerly right-of-way of Bayou Liberty Road, go South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 120 feet to the Point of Beginning, which is the southeast corner of said property; thence continue



EXHIBIT 2

-1-

M:\users\Sheila\WPDOCS\Restrictions\18952 Restrictions.wpd

St. Tammany Parish 20
Instrmnt #: 1933897
Registry #: 229250i bvs
03/07/2014 3:29:00 PM
MB  CB X MI   UCC

South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 454.3 feet; thence go North 12 degrees West 75 feet; thence go North 21 degrees West 138 feet; thence go North 16 degrees 05 minutes East 158 feet; thence go North 1 degree 30 minutes East 73 feet; thence go North 25 degrees 30 minutes West 340 feet to the right ascending bank of Bayou Liberty; thence, following the right ascending bank of Bayou Liberty, go North 32 degrees 58 minutes East 145.62 feet to the easterly line of said LOT #21; thence go South 40 degrees East, along the easterly line of said LOT #21, 767 feet; thence go South 66 degrees West 58.6 feet; thence go South 27 degrees 40 minutes East 208 feet to the Point of Beginning.

All in accordance with a plat of Survey #4833 by J. V. Burkes, C.E., dated October 12, 1965.

Improvements thereon bear the Municipal No. 30425 **Bayou Liberty, Slidell, Louisiana 70460.**

B. In connection with Subject Property, this document shall create Deed Restrictions that would enumerate the only permitted and legal uses of Subject Property, and prohibit certain uses thereon.

Section 1.3. Purpose. The purpose of this instrument is to impose Deed Restrictions on Subject Property as hereafter set forth in order to provide protection to the nearby land owners along Bayou Liberty Road in light of the additional zoning of Subject Property to include RO-Rural Overlay by the St. Tammany Parish Council by Ordinance No. 5146 adopted on March 6, 2014.

Section 1.4. Effective Date. The Deed Restriction and provisions contained in this Article shall become effective on the date of filing for record in St. Tammany Parish of this instrument and the effective date of the adoption of the Ordinance referred to in Section 1.3.

### ARTICLE II
### DEED RESTRICTIONS

Section 2.1. Deed Restrictions Imposed on Subject Property. The following Deed Restrictions are hereby imposed on Subject Property, to-wit:

A. The Permitted Uses of Subject Property shall be limited to only (exclusively) the following, namely:

    (i) Section 6.0602 (B), entitled "Residential Uses", of the Unified Development Code, but only:

        (1) Single-family dwelling unit(s);

        (2) Private Garages and Accessory Structures; and

        (3) One Garage Apartment or Guest House under 1,000 square feet of habitable floor space.

    (ii) Section 6.0603 (Administrative Permits) of the Unified Development Code, but only Items B and H thereof, namely:

        (1) One Garage Apartment or Guest house under 1000 square feet of habitable floor space on lots of less than 40,000 square feet; and

      (2)    Bed & Breakfast.

B.    No other Permitted Uses of Section 6.0602 and/or Section 6.0603 of the St. Tammany Parish Unified Development Code shall be allowed and considered as Permitted Uses on Subject Property.

C.    Notwithstanding the foregoing, the provisions of Article II shall not be applicable (and shall be considered null and void) if Subject Property is not zoned RO-Rural Overlay District.

## ARTICLE III
## GENERAL PROVISIONS

Section 3.1. <u>Deed Restrictions As Servitudes.</u> The Deed Restrictions contained in Section 2.1 shall be considered a predial servitude, building restriction, and covenant running with the land, binding the land even if owned by the successors and/or assigns of Owner, and shall run in favor of Bayou Liberty.

Section 3.2. <u>Enforcement by Parish.</u> The Deed Restrictions and provisions contained herein shall be enforceable at law or in equity by the St. Tammany Parish Zoning Commission, the St. Tammany Parish Council, and/or the District Attorney for St. Tammany Parish, by way of injunction, civil suit for damages, or any other remedy deemed necessary.

Section 3.3. <u>Enforcement by Bayou Liberty.</u> The Deed Restrictions contained herein shall also be enforceable at law or in equity by way of injunction, civil suit for damages, or any other remedy deemed necessary by Bayou Liberty.

Section 3.4. <u>Term and Amendments to These Restrictions.</u> The Deed Restrictions enumerated in Section 2.1 above shall be binding on Subject Property, owner, its/their heirs, successors, and/or assigns, as well as all persons claiming under them, for a perpetual term commencing from the date such covenants become effective. Notwithstanding the foregoing, during the term, the Deed Restrictions imposed under Section 2.1 as to Permitted Uses allowed and prohibited uses on Subject Property, may be amended, but only by written instrument executed by the then current Owner of Subject Property, including the written concurrence of Bayou Liberty, its successors and/or assigns.

Section 3.5. <u>Captions and Headings, Section References.</u> The captions and headings herein are for convenience only and shall not alter or modify the meaning of the provisions hereof. Section references herein are to the Sections or this agreement unless the context clearly indicates otherwise.

Section 3.6. <u>Severability.</u> Invalidation of any one of these covenants by judgment or court order shall in no wise affect any of the other provisions which shall remain in full force and effect.

NOW INTERVENING comes BAYOU LIBERTY ASSOCIATION, INC. herein represented by Chris Nogues, President, Intervenor herein, who consents to all of the terms and conditions hereof in their entirety.

THUS DONE AND PASSED, in my office at Covington, Louisiana on the day, month and year herein first above written, in the presence of the undersigned competent witnesses, who hereunto sign their names with the said appearer and me, Notary, after reading of the whole.

WITNESSES:

_Michelle M Scott_
Michelle N. Scott

_Rachel R. Miller_
Rachel L. Miller

_Dawn Parks Pekarik_
DAWN PARKS PEKARIK

_Juraj Pekarik_
JURAJ PEKARIK

BAYOU LIBERTY ASSOCIATION, INC.

BY: _____
CHRIS NOGUES, President

_____
NOTARY PUBLIC
JEFFREY D. SCHOEN

St. Tammany Parish
Bureau of Administrative Adjudication
Alan M. Black, Hearing Officer
Council Chambers, 21490 Koop Drive, Building A, Mandeville, LA 70471

# DOCKET
## January 10, 2018

| # | Case Info | Legal Description | Case Status | | |
|---|---|---|---|---|---|
| 4 | Case No.: 2017-CE-14812<br>Officer: Barry Matte<br>Location: 34205 Hwy 433<br>City: Slidell<br>Ward: 9<br>District: 11 | 454.3 x 75 x 158 x 73 x 340 x 146.62 x 767 x 58.6 x 208; Lots 19 20 21 in Sec 38 9 14 Bayou Liberty | Disposition: JUDGMENT<br>Violations Found: 2<br>Hearing Costs: $210.00<br>Fines: $200.00<br>Days to Pay: 30<br>Days to Comply: N/A | | |
| | Defendant(s): Dawn Parks, wife of/and Juraj Pekarik<br>Address: 34205 Hwy 433<br>Slidell, LA 70460 | | | | |
| | 2 Violations:<br>1. Rural Overlay (UDC Sec 6.06H)<br>2. A-2(D) Suburban District (UDC Sec 5.07P) | | Counts: 1, 1 | Fines: 100, 100 | NOTES: |
| | | | | TOTAL FINES: | $200.00 |
| 5 | Case No.: 2017-CE-14887<br>Officer: Barry Matte<br>Location: Hwy 11 (Square 69)<br>City: Slidell<br>Ward: 8<br>District: 14 | LOTS 2 3 4 5 6 7 8 9 11 12 13 S .50 OF 14 E .40 OF 10 SQ 69 ALTON; LOTS 1 15 16 17 18 N .50 LOT 14 SQ 69 ALTON ANNEX | Disposition: STIPULATED JUDGMENT<br>Violations Found: 1<br>Hearing Costs: $210.00<br>Fines: $50.00<br>Days to Pay: 30<br>Days to Comply: N/A | | |
| | Defendant(s): Deltus Mitchell<br>Address: 61401 Hwy 11 N<br>Slidell, LA 70458 | | | | |
| | 1 Violations:<br>1. Inoperable Vehicles (14-018.00) | | Counts: 1 | Fines: 50 | NOTES: REPRESENTED BY PAUL MAYRONNE, ESQ. |
| | | | | TOTAL FINES: | $50.00 |
| 6 | Case No.: 2017-CE-15022<br>Officer: Jim O'Berry<br>Location: 69 Inlet Dr.<br>City: Slidell<br>Ward: 9<br>District: 12 | LOT 71 OAK HARBOR SUB SEC 2B PH 1 INLETS | Case Status: DISMISSED DUE TO COMPLIANCE<br>Disposition:<br>Violations Found:<br>Hearing Costs: $210.00<br>Fines:<br>Days to Pay:<br>Days to Comply: | | |
| | Defendant(s): Robert Cook, Jr.<br>Address: 69 Inlet Dr.<br>Slidell, LA 70458 | | | | |
| | 2 Violations:<br>1. Pollution of Waterway (14-002.00I)<br>2. Obstruction of ditches or waterways (15-002.00) | | Counts: | Fines: | NOTES: |
| | | | | TOTAL FINES: | |

EXHIBIT 3