DEED RESTRICTIONS        UNITED STATES OF AMERICA

IMPOSED BY:        STATE OF LOUISIANA

DAWN PARKS PEKARIK        PARISH OF ST. TAMMANY
and JURAJ PEKARIK

## ARTICLE I
### INTRODUCTION

Section 1.1. Party. Date. BE IT KNOWN, That on this 6th day of March, 2014, before me, a Notary Public, duly commissioned and sworn, in and for the Parish of St. Tammany, Louisiana, therein residing, and in the presence of the witnesses named and undersigned,

**PERSONALLY CAME AND APPEARED:**

DAWN PARKS PEKARIK and JURAJ PEKARIK, both persons of the full age of majority, domiciled in St. Tammany Parish, Louisiana;

their mailing address being:     113 West Port Court
                                  Slidell, LA 70460

(hereinafter collectively referred to as "Owner")

who declared that it owns certain property located at 34161 Hwy. 433 (Bayou Liberty Road) in Slidell, Louisiana, 70462, which is currently zoned A-2 Single Family Residential. Owner desires to construct and operate a Bed & Breakfast Facility ("B&B") on Subject Property and seeks RO-Rural Overlay Zoning so that it may procure an Administrative Permit to allow for the B&B. Because the Bayou Liberty Association, Inc. ("Bayou Liberty") would object and oppose the change of zoning adding the RO-Overlay Zoning unless the future use is strictly limited to residential, including a Bed & Breakfast Facility, Owner hereby imposes the following Deed Restrictions so as to encumber the Subject Property pursuant to the terms and conditions hereof, to-wit:

Section 1.2. Property Descriptions:

A.    The Owner owns the following described property ("Subject Property"), to-wit:

ALL THAT CERTAIN PARCEL OR TRACT OF LAND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in LOTS #19, #20, AND #21 of a subdivision of Section 38, Township 9 South, Range 14 East, St. Tammany Parish, Louisiana, drawn by C. Pilie, City Engineer of New Orleans, Louisiana, in 1867, more fully described as follows, to-wit:

From the intersection of the easterly line of said LOT #21 of said subdivision with the northerly right-of-way of Bayou Liberty Road, go South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 120 feet to the Point of Beginning, which is the southeast corner of said property; thence continue

-1-

St. Tammany Parish 20
Instrmt #: 1933897
Registry #: 2292501 bvs
03/07/2014 3:29:00 PM
MB   CB X MI   UCC

EXHIBIT "B"

South 82 degrees 15 minutes West, along the northerly right-of-way line of Bayou Liberty Road, 454.3 feet; thence go North 12 degrees West 75 feet; thence go North 21 degrees West 138 feet; thence go North 16 degrees 05 minutes East 158 feet; thence go North 1 degree 30 minutes East 73 feet; thence go North 25 degrees 30 minutes West 340 feet to the right ascending bank of Bayou Liberty; thence, following the right ascending bank of Bayou Liberty, go North 32 degrees 58 minutes East 145.62 feet to the easterly line of said LOT #21; thence go South 40 degrees East, along the easterly line of said LOT #21, 767 feet; thence go South 66 degrees West 58.6 feet; thence go South 27 degrees 40 minutes East 208 feet to the Point of Beginning.

All in accordance with a plat of Survey #4833 by J. V. Burkes, C.E., dated October 12, 1965.

Improvements thereon bear the Municipal No. 30425 Bayou Liberty, Slidell, Louisiana 70460.

B.  In connection with Subject Property, this document shall create Deed Restrictions that would enumerate the only permitted and legal uses of Subject Property, and prohibit certain uses thereon.

Section 1.3.  **Purpose.**  The purpose of this instrument is to impose Deed Restrictions on Subject Property as hereafter set forth in order to provide protection to the nearby land owners along Bayou Liberty Road in light of the additional zoning of Subject Property to include RO-Rural Overlay by the St. Tammany Parish Council by Ordinance No. 5146 adopted on March 6, 2014.

Section 1.4.  **Effective Date.**  The Deed Restriction and provisions contained in this Article shall become effective on the date of filing for record in St. Tammany Parish of this instrument and the effective date of the adoption of the Ordinance referred to in Section 1.3.

### ARTICLE II
### DEED RESTRICTIONS

Section 2.1.  **Deed Restrictions Imposed on Subject Property.**  The following Deed Restrictions are hereby imposed on Subject Property, to-wit:

A.  The Permitted Uses of Subject Property shall be limited to only (exclusively) the following, namely:

    (i)  Section 6.0602 (B), entitled "Residential Uses", of the Unified Development Code, but only:

        (1)  Single-family dwelling unit(s);

        (2)  Private Garages and Accessory Structures; and

        (3)  One Garage Apartment or Guest House under 1,000 square feet of habitable floor space.

    (ii)  Section 6.0603 (Administrative Permits) of the Unified Development Code, but only Items B and H thereof, namely:

        (1)  One Garage Apartment or Guest house under 1000 square feet of habitable floor space on lots of less than 40,000 square feet; and

(2)     Bed & Breakfast.

**B.**     No other Permitted Uses of Section 6.0602 and/or Section 6.0603 of the St. Tammany Parish Unified Development Code shall be allowed and considered as Permitted Uses on Subject Property.

**C.**     Notwithstanding the foregoing, the provisions of Article II shall not be applicable (and shall be considered null and void) if Subject Property is not zoned RO-Rural Overlay District.

## ARTICLE III
## GENERAL PROVISIONS

**Section 3.1.**   **Deed Restrictions As Servitudes.** The Deed Restrictions contained in Section 2.1 shall be considered a predial servitude, building restriction, and covenant running with the land, binding the land even if owned by the successors and/or assigns of Owner, and shall run in favor of Bayou Liberty.

**Section 3.2.**   **Enforcement by Parish.** The Deed Restrictions and provisions contained herein shall be enforceable at law or in equity by the St. Tammany Parish Zoning Commission, the St. Tammany Parish Council, and/or the District Attorney for St. Tammany Parish, by way of injunction, civil suit for damages, or any other remedy deemed necessary.

**Section 3.3.**   **Enforcement by Bayou Liberty.** The Deed Restrictions contained herein shall also be enforceable at law or in equity by way of injunction, civil suit for damages, or any other remedy deemed necessary by Bayou Liberty.

**Section 3.4.**   **Term and Amendments to These Restrictions.** The Deed Restrictions enumerated in Section 2.1 above shall be binding on Subject Property, owner, its/their heirs, successors, and/or assigns, as well as all persons claiming under them, for a perpetual term commencing from the date such covenants become effective. Notwithstanding the foregoing, during the term, the Deed Restrictions imposed under Section 2.1 as to Permitted Uses allowed and prohibited uses on Subject Property, may be amended, but only by written instrument executed by the then current Owner of Subject Property, including the written concurrence of Bayou Liberty, its successors and/or assigns.

**Section 3.5.**   **Captions and Headings. Section References.** The captions and headings herein are for convenience only and shall not alter or modify the meaning of the provisions hereof. Section references herein are to the Sections or this agreement unless the context clearly indicates otherwise.

**Section 3.6.**   **Severability.** Invalidation of any one of these covenants by judgment or court order shall in no wise affect any of the other provisions which shall remain in full force and effect.

NOW INTERVENING comes BAYOU LIBERTY ASSOCIATION, INC. herein represented by Chris Nogues, President, Intervenor herein, who consents to all of the terms and conditions hereof in their entirety.

**THUS DONE AND PASSED**, in my office at Covington, Louisiana on the day, month and year herein first above written, in the presence of the undersigned competent witnesses, who hereunto sign their names with the said appearer and me, Notary, after reading of the whole.

WITNESSES:

Michelle M Scott
Michelle N. Scott

Rachel L. Miller
Rachel L. Miller

DAWN PARKS PEKARIK

JURAJ PEKARIK

BAYOU LIBERTY ASSOCIATION, INC.

BY: _____
CHRIS NOGUES, President

_____
NOTARY PUBLIC
JEFFREY D. SCHOEN