**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | BAYOU HAVEN BED & BREAKFAST, LLC | BANKRUPTCY CASE NO |
| | DEBTOR | 18-10570 |

**MOTION BY CLECO POWER, LLC FOR ADEQUATE ASSURANCE OF PAYMENT AND POST-PETITION UTILITY DEPOSIT PURSUANT TO 11 U.S.C. 366 OR IN THE ALTERNATIVE FOR AUTHORITY TO DISCONTINUE UTILITY SERVICES**

Now into Court through undersigned counsel comes Cleco Power, LLC, an unsecured creditor and electrical utility provider for the Debtor in Possession which moves this Court for the relief set forth below.

1.

Cleco Power, LLC ("Cleco") is an unsecured creditor of the Debtor as evidenced by its Proof of Claim filed in the amount of $1,610.99 representing unpaid charges for pre-petition electrical utility services provided by Cleco to the Debtor.

2.

Cleco continues to provide post-petition electrical utility services to the Debtor in Possession.

3.

This case was filed by Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on March 12, 2018.

4.

The Debtor has not posted any post-petition utility deposit in accordance with 11 U.S.C. 366.

5.

Cleco has established a new post-petition utility account and Debtor, through its counsel, is being provided with the account number which ends in 2003. This account should be utilized for all post-petition payments.

6.

Cleco shows that the Debtor received six delinquent notices over the past 12 months, pre-petition. Cleco submits that it is entitled to a post-petition cash deposit in the amount of 2.5 times the average monthly billing which amount is approximately $1,750.00.

7.

Cleco invoices Debtor in Possession for utility services on a monthly basis as utilities are used by the Debtor. Pursuant to its billing terms and regulations of the Public Service Commission, the Debtor receives its bill at the end of the usage period and begins a new usage period prior to payment of the statement. In order to terminate utilities Cleco would need the permission of this Court which require 20

days notice prior to any hearing, allowing the Debtor to become approximately 3 months past due prior to the disconnect of utility services should payment not be made.

8.

Based upon the failure of the Debtor to timely make post-petition utility payments, or comply with 11 U.S.C. 366, Cleco shows it is entitled to an order of this Court directing the Debtor to post the post-petition cash deposit and further directing the Debtor to remain current on all post-petition utility amounts due and owing.

9.

In the alternative, should the Debtor fail to post the deposit, Cleco is entitled to an order of this Court authorizing Cleco to discontinue utility services in accordance with 11 U.S.C. 366(c)(2) should the Debtor default on payments.

**WHEREFORE CLECO POWER, LLC PRAYS** that this motion be deemed good and sufficient and that after notice and hearing this Court grant the relief set forth above.

Respectfully submitted,

**WHEELIS & ROZANSKI**

By:/s/ Stephen D. Wheelis
    Stephen D. Wheelis #17205
    Richard A. Rozanski #22583
    P.O. Box 13199
    Alexandria, Louisiana 71315-3199
    318/445-5600
**ATTORNEYS FOR CLECO POWER, LLC**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing Motion has been served upon Debtor, Bayou Haven Bed & Breakfast, LLC, 34205 Hwy 433, Slidell, LA 70460, Robin R. DeLeo, 800 Ramon St, Mandeville, LA 70448, Amanda Burnette George, Office of the U.S. Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130, Office of the U.S. Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130, by placing a copy of same in the United States mail postage prepaid and/or served electronically.
Alexandria, Louisiana this 10th day of April, 2018.

/s/ Stephen D. Wheelis
OF COUNSEL