UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NUMBER: 18-10570 |
| | * | |
| BAYOU HAVEN BED & | * | |
| BREAKFAST, LLC | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | SECTION "A" |

*******************************

APPLICATION TO EMPLOY
SPECIAL COUNSEL JEFFREY D. SCHOEN ESQ. AND
THOMAS H. HUVAL ESQ. NUNC PRO TUNC

Bayou Haven Bed & Breakfast, LLC, as Debtors-In-Possession of the above-captioned case ("Debtor"), hereby file this Application for an Order authorizing the Employment of Special Counsel Jeffrey D. Schoen, Esq. and Thomas H. Huval, Esq. Nunc Pro Tunc ("Applicants"), to provide representation in connection with zoning, land use, deed restriction, and related litigation, issues involved in this Chapter 11 proceeding, and pursuant 11 U.S.C. Section 327 (e) respectfully represent as follows:

1.

Debtor filed this case under Chapter 11 of Title 11 of the U.S. Bankruptcy Code on March 12, 2018.

2.

Pursuant to 28 USC §157 (b) and §1334, this Court has jurisdiction (i) to hear and determine this Application, and (ii) over the persons and property affected hereby. The subject matter of the Application is a core proceeding pursuant to 28 USC §157(b)(2)(A) and (M). Venue of this proceeding and this Application is proper in this district pursuant to 28 USC §§1408 and 1409.

3.

The Debtor desires to retain Applicants to represent the Debtor on zoning, land use, deed restriction, and related litigation, issues including but not limited to the following:

- Participating in the process of obtaining approval of the St. Tammany Parish Council of the ordinance recommended ty the St. Tammany Parish Zoning Commission on March 6, 2018 in case No 2017-845-ZC to amend the text of the St. Tammany Parish Unified Development Code ("UDC") to a add a new use related to reception venues to be included in the NC-5 Retail Service District zoning category of the UDC ("Zoning Commission Recommendation");

- Participating in the pending appeal before the Parish Council of the Zoning Commission Recommendation;

- Participating in the process before the St. Tammany Parish Zoning Commission to obtain Zoning Commission approval of the Debtor's pending application (filed on March 8, 2018) (Case No 2018-974-ZC) to have Debtors six(6) acre parcel of property located on the northern edge of Bayou Liberty in St. Tammany Parish (the "Property") rezoned from its current designation of A2 (Suburban District) with RO (Rural Overlay) to NC-5 Retail Service District;

- Participating in the process before the St. Tammany Parish Council to obtain approval of the change of the zoning of Debtor's Property from A2 with a RO (Rural Overlay) to NC-5 Retail Service District.

- Participating in all matters related to the zoning, land use, deed restriction and related litigation involving the Debtor's Property.

- Other zoning, land use, deed restriction and related litigation issues which may arise from time to time relating to the Property.

4.

Applicant, Jeffrey D. Schoen, became a Louisiana licensed attorney in 1978 and is authorized to practice in the state and before the U.S. federal district courts in the state.

Applicant, Thomas H. Huval, became a Louisiana licensed attorney in 1992 and is authorized to practice in the state and before the U.S. federal district courts in the state.

Applicant, Thomas H. Huval, became a Mississippi licensed attorney in 1998 and is authorized to practice in Mississippi and before federal district courts, in Mississippi.

5.

To the best of the Debtor's knowledge and belief, Applicants do not represent or hold any interest adverse to the Debtor or the estate with respect to the matter on which Applicants are to be employed. Applicants have previously provided legal services to Debtor on zoning, land use and deed restrictions regarding Debtors' Property and litigation related thereto. Applicants' continued representation of Debtor on these matters is critical to Debtor's ability to continue to operate its business on the Property, as without the approval by the Parish Council of the Zoning Commission Recommendation and the subsequent approval of the Debtor's application to have its property rezoned to NC5 Retail Service District Category of the UDC, a deed restrictions in Debtors' title may preclude or limit such operations. The inability to operate will severely hamper, if

not destroy, Debtor's ability to reorganize as a significant portion of Debtor's revenue is derived from operations on the Property.

Applicants are owed $49,845.55 for pre-petition services rendered to Debtor, which debt is secured by a mortgage on two pieces of property which Debtors own, but that pre-petition indebtedness does not create an adverse interest with respect to the zoning, land use, deed restrictions, and related litigation, issues on which Applicants are to be employed. The land on which Applicants have a mortgage is separate from the Property at issue in this litigation. The Debtors and their creditors have an interest in achieving a successful outcome of the zoning, land use, deed restrictions, and related litigation, issues on which Applicants are to be employed. It is expected that a successful resolution of the zoning, land use, deed restrictions, and related litigation, issues will enable the Debtor's to confirm a plan of reorganization which will result in payment of 100% of the Debtors creditors.

6.

The Applicants' compliance with the requirements of §§327(e) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 is set forth in greater detail in the Affidavits of Jeffrey D. Schoen, Esq. and Thomas H. Huval, Esq. filed concurrently herewith.

7.

Debtor paid Applicant $500.00 in legal fees within the 90-day period prior to the bankruptcy filing, but Applicant is owed $49,845.55 for pre-petition attorney fees. The mortgage granted to Applicants on two unrelated pieces of property was granted within the 90-day period prior to the bankruptcy filing. Following approval of this Application

to Employ Special Counsel, Applicant intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Federal Rules of the Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules and Orders of this Court.

8.

The Debtor proposes that the compensation to be paid to Applicants be based on an hourly rate. The hourly rate sought by the Applicant, Jeffrey Schoen, Esq. is $350 and is reasonable for comparable services performed for non-debtor clients. Mr. Schoen has more than 39 years of experience in handling zoning, land use, and deed restriction issues under federal, state and parish ordinances and laws. Mr. Schoen represents both corporations and individuals and has experience on all zoning, land use and deed restriction. He regularly appears before the St. Tammany Parish Zoning Commission and the St. Tammany Parish Council on zoning and land use issues. Mr. Schoen has a successful record in handling zoning and land use issues of clients.

9.

The hourly rate sought by Applicant, Thomas H. Huval, Esq. is $250 and is reasonable for comparable for services performed for non-debtor clients. Mr. Huval has more than 25 years of experience handling litigation and was the attorney handling litigation related to zoning, land use, deed restrictions affecting the Property. Mr. Huval represents both corporations and individuals and has extensive experience on a variety of litigation, including the litigation affecting the Property.

10.

All of the Applicant's fees and expenses will be subject to Bankruptcy Court approval, and will be paid only in accordance with Orders entered in connection with these cases. The source of income to be used in the future to pay the administrative claim of Applicants for future services will come from operation of the Debtor's business on the Property, payable in conjunction with a Confirmed Plan. Applicants believe that Debtor's Plan will propose to pay its creditors in full, following successful resolution of zoning, land use, deed restrictions and related litigation, and that proceeds from the continued operation on Debtor's property will sufficiently enable Debtor to subsequently pay all creditors in full after successful confirmation of Debtors' plan of reorganization.

11.

Although Applicants represented Debtor pre-petition, Applicants see no conflict of interest in continuing to represent Debtor on the matter for which Applicants are to be employed. Applicants are owed attorneys' fees that were outstanding as of the date of the filing of the bankruptcy petition but those outstanding fees do not create an adverse interest with respect to the zoning, land use, deed restrictions and related litigation affecting the Property.

12.

Applicants experience with those issues, both generally, and specifically with regards to Debtor, will afford Debtor the best opportunity to obtain the change of zoning which is critical to Debtor's continued operations and to its ability to reorganize.

13.

Since Applicants are being retained solely as Special Counsel to handle the zoning, land use, deed restrictions and related litigation issues pursuant to 11 U.S.C. 727(e), there is no disinterestedness requirement as a pre-requisite to this retention.

14.

This Application to Employ Special Counsel has been served on the United States Trustee for the Eastern District of Louisiana, the secured creditors of the Debtor, the twenty (20) largest unsecured creditors of the Debtor, and to parties requesting notice. In view of the nature of the relief requested, the Debtor submits that no other or further notice is required.

15.

No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Debtor in Possession herein, respectfully requests that this Court approve the retention of Jeffrey D. Schoen, Thomas H. Huval, and Jones Fussell, LLP to act as Special Counsel on the zoning, land use, deed restriction and related litigation impacting the Debtor, and for such other relief as is equitable and just.

Dated: April 11, 2018

THE DE LEO LAW FIRM LLC
/s/ *Robin De Leo*
Bar Roll No. 20347
800 Ramon Street
Mandeville, LA 70448
(985) 727-1664
(985) 727-4388 (Facsimile)
lisa@northshoreattorney.com
Counsel for Debtor In Possession