### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:** | **CASE NO. 18-10570** |
| **BAYOU HAVEN BED &** **BREAKFAST, LLC** | **SECTION "A"** |
| **Debtors** | **CHAPTER 11** |

### UNITED STATES TRUSTEE'S OBJECTION
### TO APPLICATION TO EMPLOY SPECIAL COUNSEL

**NOW INTO COURT** comes David W. Asbach, Acting U.S. Trustee for Region 5, by and through undersigned counsel, and respectfully submits this objection to the retention application of Jeffery D. Schoen, Esq. and Thomas H. Huval, Esq. (collectively, "Special Counsel") as Special Counsel for the debtor-in-possession.  In support hereof, the U.S. Trustee respectfully states, as follows:

1.       On March 12, 2018, Juraji and Dawn Pekarik (the "Pekariks") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Bankruptcy Code.[1]

2.       That same day, Bayou Haven Bed & Breakfast, LLC ("Bayou Haven") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Bankruptcy Code.[2]  The Pekariks are the sole members and owners of Bayou Haven.

3.       The Pekariks, in their individual capacity, own property located at 34205 Highway 433, Slidell, Louisiana 70460.  In addition to their personal residence, the property contains an 11,125 square foot structure in which Bayou Haven operates a bed and breakfast and event venue.

---

[1] *In re Pekarik*, case no. 18-10569.
[2] *In re Bayou Haven Bed & Breakfast, LLC*, case no. 18-10570.

4.      The Pekariks and Bayou Haven are named as co-defendants in an Injunction and Preliminary Injunction action filed by Bayou Liberty Association on February 9, 2018.[3]  The action seeks, in part, to enforce a deed restriction preventing the commercial use of the Pekarik's property from being operated as anything but a bed and breakfast.[4]  According to the testimony provided at the meeting of creditors, Debtors filed their bankruptcy petitions to stay the preliminary injunction hearing set for March 12, 2018.

5.      On April 5, 2018, the Pekariks filed the Application to Employ Special Counsel *Nunc Pro Tunc* (the "Application").[5]  On April 11, 2018, Bayou Haven filed a nearly identical Application to employ Special Counsel.[6]

6.      The Applications seek to retain Special Counsel to represent both Debtors in zoning, land use, deed restriction, and related litigation, including the matter filed by Bayou Liberty Association.

7.      The Applications state that Special Counsel is owed $49,845.55 for pre-petition services rendered to the Debtors.  The Applications do not state whether Debtors are responsible for this debt jointly or *in solido*.

8.      Both Applications further state that the $49,845.55 is secured by mortgages on "two pieces of property which Debtors own."[7]  In fact, the same day the bankruptcy petitions were filed, the Pekariks <u>individually</u> granted mortgages on two unencumbered properties they personally owned in order to secure Special Counsel's pre-petition fees.  Upon information and belief, Bayou Haven did not post any collateral to secure Special Counsel's fees.

---

[3] *See* <u>Motion to Lift the Automatic Stay</u>, *Bayou Haven*, [P-17].
[4] *Id.*, ¶3.
[5] *Pekarik*, [P-21].
[6] *Bayou Haven*, [P-23].
[7] *Pekarik*, [P-21] ¶5; *Bayou Haven*, [P-23] ¶5.  The *Bayou Haven* Application erroneously states that it owns the two properties to which a mortgage was granted in favor of Special Counsel.

9.      Section 327(e) provides, in pertinent part:

> The trustee[8], with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  A party holds an adverse interest to the estate if they "(1) [ ] possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) [ ] possess a predisposition under circumstances that render such a bias against the estate." *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 461 (5th Cir. 2012) (citing *In re West Delta Oil Co., Inc.*, 432 F.3d 347, 356 (5th Cir. 2005) (internal quotations omitted).

10.     Here, there are a number of disabling conflicts between Special Counsel and the Debtors.  First, and most simply, the Debtors are co-defendants in litigation and may have contribution claims against each other.  Thus, Special Counsel represent interests adverse to each debtor "with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

11.     Second, the Pekariks' estate has a potential cause of action against Special Counsel under 11 U.S.C. § 547, given the security granted to Special Counsel on the day their bankruptcy case was filed.  This action represents an adverse interest between the Pekariks and Special Counsel.

12.     Third, the Applications contain no discussion as to (i) how the pre-petition fees are assessed among the two Debtors, and (ii) how fees will be assessed going forward.  As stated above, the Pekariks individually granted mortgages on unencumbered property to secure Special

---

[8] A "trustee" includes a debtor-in-possession in a Chapter 11 case pursuant to Fed. R. Bankr. P. 9001(1).

Counsel's pre-petition fees.  Upon information and belief, Bayou Haven has not provided any collateral nor put forth any payment for Special Counsel's fees.  Thus, collection and assessment of fees may place the Debtors in an adverse position to one another.

WHEREFORE, the United States Trustee respectfully requests that this Honorable Court sustain this objection.  The United States Trustee further prays for all other relief justly entitled in the premises.

Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Amanda Burnette George*
AMANDA BURNETTE GEORGE (31642)
Trial Attorney, Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Facsimile no. (504) 589-4096
Amanda.B.George@usdoj.gov

[4]

## CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing United States Objection to Employ Special Counsel was served on April 17, 2018 through the Court's ECF notification system upon:

Robin R. DeLeo on behalf of Debtor Bayou Haven Bed & Breakfast, LLC
deleolawfirm@northshoreattorney.com, legalassistant@northshoreattorney.com,
info@northshoreattorney.com, robin@northshoreattorney.com;
deleorr72621@notify.bestcase.com

Catherine Noel Steffes Melancon on behalf of Interested Party Bayou Liberty Association, Inc.
nmelancon@steffeslaw.com, schassaing@steffeslaw.com; akujawa@steffeslaw.com;
nmelancon@ecf.courtdrive.com

Stephen D. Wheelis on behalf of Creditor Cleco Power, LLC
steve@wheelis-rozanski.com, jennifer@wheelis-rozanski.com

by: *s/Amanda Burnette George*
AMANDA BURNETTE GEORGE (31642)
Trial Attorney, Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Facsimile no. (504) 589-4096