UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                  CASE NO.

**BAYOU HAVEN BED & BREAKFAST, LLC**            **18-10570**

DEBTOR                                                            SECTION A
                                                                                                       CHAPTER 11

**REASONS FOR DECISION**

The Motion for Relief from Automatic Stay[1] ("Motion") filed by Bayou Liberty Association, Inc. ("BLA") and the Objection[2] by Bayou Haven Bed and Breakfast, LLC ("Bayou Haven") came before the Court on June 19, 2018. At the conclusion of the hearing, the Court took the matter under advisement.

**I. Facts**

On October 25, 2013, Dawn and Juraj Pekarik (collectively "the Pekariks")purchased a six (6) acre property at 30425 Bayou Liberty, Slidell, Louisiana 70460 ("the Property").[3] The Property was zoned A-2 (Suburban District) at the time of purchase.

The Pekariks requested that the Property be re-zoned to include a bed and breakfast, and on March 6, 2014, the St. Tammany Parish Council adopted an ordinance re-zoning the Property as A-2 with RO (Rural Overlay).[4]

At the request of BLA, the Pekariks executed Deed Restrictions on March 6, 2014, limiting the Property's use to:

---

[1] P-17.

[2] P-70.

[3] Exh. 1.

[4] Exh. 2.

 (i) Section 6.0602(B), entitled "Residential Uses," of the Unified Development Code, but only:

  (1) Single-family dwelling unit(s);

  (2) Private Garages and Accessory Structures; and

  (3) One Garage Apartment or Guest House under 1,000 square feet of habitable floor space.

 (ii) Section 6.0603 Administrative Permits) of the Unified Development Code, but only Items B and H thereof, namely:

  (1) One Garage Apartment or Guest House under 1000 square feet of habitable floor space on lots of less than 40,000 square feet; and

  (2) Bed & Breakfast.[5]

The Deed Restriction was recorded in St. Tammany Parish on March 7, 2014.

BLA is not a traditional home owner's association. Membership is voluntary and is not restricted to a certain geographic area.

On December 4, 2014, Dawn Pekarik signed a document listing the uses of a bed and breakfast.[6]

The Pekariks constructed two buildings on the Property: 1) a personal residence; and 2) a bed and breakfast ("B&B"). Bayou Haven was formed on August 5, 2016, to operate the B&B, and construction of the B&B was completed in November 2016. Since completion, the B&B has hosted weddings, receptions, parties, meetings, and other events.

In July 2017, the Pekariks and a St. Tammany Parish councilman met with BLA to inform it they were going to apply for the Property to be re-zoned as HC2 because St. Tammany Parish had

---

[5] Exh. 3.

[6] Exh. 8.

no zoning classification for reception/event spaces. BLA advised the Pekariks that it would not support an HC2 classification.[7]

On January 10, 2018, the Pekariks were fined by St. Tammany Parish for holding events at the B&B in violation of the zoning ordinance.[8]

BLA filed a Petition for Injunction and Preliminary Injunction on February 9, 2018, in the Twenty Second Judicial District Court for the Parish of St. Tammany seeking an injunction against Bayou Haven holding events in violation of the St. Tammany Parish zoning ordinance and the Deed Restriction ("State Suit").[9] Hearing was scheduled for March 12, 2018.

On March 6, 2018, the St. Tammany Parish Zoning Commission voted to recommend to the St. Tammany Parish Council the creation of a new zoning classification, NC5 (Neighborhood Commercial Zoning), which would include receptions of no more than 150 people.

The Pekariks filed an application to change their zoning to NC5 (Neighborhood Commercial Zoning) on March 8, 2018.[10]

On March 12, 2018, both the Pekariks and Bayou Haven filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code, staying the State Suit.

## II. Law and Analysis

BLA seeks relief from the automatic stay under section 362(d)(1) to move forward with the State Suit. In the alternative, BLA seeks enforcement of 28 U.S.C. § 959(b).

---

[7] Exh. 13.

[8] Exh. 5.

[9] Exh. 6.

[10] Exh. 11.

**A. 28 U.S.C. § 959(b)**

28 U.S.C. § 959(b) provides:

> Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that owner or possessor thereof would be bound to do if in possession thereof.

Debtor admitted in Court that she was operating beyond what the current zoning allows. For this reason, after the hearing on the Motion, the Court issued an Order that Bayou Haven "is not authorized to conduct any special events on its property in violation of St. Tammany parish zoning ordinances."[11]

**B. Relief from the Automatic Stay**

When a bankruptcy petition is filed, 11 U.S.C. § 362(a)(1) automatically stays:

> [T]he commencement or continuation, including the issuance or employment or process, of judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ...

When the Pekariks and Bayou Haven filed Petitions for Bankruptcy Relief, the State Suit was automatically stayed.

BLA seeks relief from the automatic stay under section 362(d)(1) to move forward with the State Suit. Section 362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay –

---

[11] P-72. Effectively with this Order, this Court is enforcing local ordinances by virtue of 28 U.S.C. § 959(b).

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

BLA alleges that cause exists to grant relief from stay.

"Cause" is not defined by the Bankruptcy Code. "Cause" must be determined on a case by case basis.[12] "The Court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay."[13]

Legislative history provides that "a desire to permit an action to proceed to completion in another tribunal may provide [ ] cause."[14] The Court should consider three factors in deciding whether to lift the stay to permit litigation to continue:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.[15]

The State Suit involves only state issues. However, judicial economy will not be promoted by allowing the State Suit to go forward. The Court's order that Bayou Haven cease all activities in violation of the zoning ordinance is in itself enforcement of the local zoning ordinance making any need to seek injunctive relief duplicative. It would be a waste of the state court's time and the limited resources of the estate for the State Suit to proceed. The Court finds that the detriment to

---

[12] *Matter of Reitnauer,* 152 F.3d 341, n. 4 (citing *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)).

[13] *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

[14] H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–44 (1977), 1978 U.S.Code Cong. & Admin.News, p. 6300.

[15] *Id.* (citations omitted).

the estate outweighs the hardship to BLA at this time. The denial will be without prejudice.

### III. Conclusion

For the above reasons, the Court will deny the Motion filed by BLA. A separate Order will be entered in accord with these Reasons.

New Orleans, Louisiana, August 15, 2018.

                                                  Hon. Elizabeth W. Magner
                                                  U.S. Bankruptcy Judge